

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-76,578

**EX PARTE RENE LONGORIA, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 2008-419,544 IN THE 364TH DISTRICT COURT
## FROM LUBBOCK COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,

the clerk of the trial court transmitted to this Court this application for writ of habeas corpus.

*Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of

aggravated robbery and sentenced to fifty years' imprisonment. The Seventh Court of

Appeals affirmed his conviction. *Longoria v. State*, No. 07-09-00196-CR (Tex.

App.–Amarillo Feb. 25, 2010, pet. ref'd)(not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance by failing to

object to the use of a state jail felony to enhance the punishment range in this first degree felony cause.

The trial court has determined that trial counsel was ineffective in that counsel failed to properly object to the use of a state jail felony as an enhancement and that such ineffective representation prejudiced Applicant. We agree. We find, therefore, that Applicant is entitled to a new punishment hearing in the judgment of conviction in Case No. 2008-419,544 from the 364th Judicial District Court of Lubbock County. Applicant is remanded to the custody of the Sheriff of Lubbock County so the trial court may conduct a new punishment hearing.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.


Delivered: June 15, 2011
Do Not Publish